IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHAWN LYNN DAVIS, #15303-078 | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv450 |
| | § | CRIMINAL ACTION NO. 4:08cr190(1) |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Movant Shawn Lynn Davis filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND**

On May 26, 2011, after a plea of guilty pursuant to written plea agreement, Movant was sentenced to 300 months of imprisonment for a conviction of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846.

The present motion was executed on August 3, 2013. Movant failed to specify the date that he placed it in the prison mail system. However, because he stated he executed it on August 3, 2013, the motion is deemed filed on that day. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In his motion, Movant claims that he is entitled to relief based on new cases decided by the Supreme Court, *Alleyne v. United States*, —U.S. —, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013) and *Descamps v. United States*, —U.S.—, 133 S. Ct. 2276, 186 L. Ed.2d 438 (2013). The Government filed a

1

Response, asserting that Movant's motion is time-barred and he is not entitled to relief based on the two Supreme Court cases. Movant filed a Reply.

## ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. Fed. R. App. P. 4(b). *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

Movant was sentenced on May 26, 2011, and the notice of appeal was due fourteen days later. Fed. R. App. P. 4(b). Movant did not file a notice of appeal; consequently, the conviction became final for purposes of § 2255 on June 9, 2011. *See United States v. Plascencia*, 537 F.3d 385, 387 (5th Cir. 2008). Accordingly, the present § 2255 motion had to be filed within one year from the date on which the judgment became final. Movant had until June 9, 2012, in which to file the motion. It was not filed until August 3, 2013. Movant filed his § 2255 motion 1 year, 1 month, and 25 days beyond the limitations period.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he

shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The movant bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Equitable tolling is not intended for those who "sleep on their rights." *Mathis*, 616 F.3d at 474.

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the Movant must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the movant "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [movant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the movant

the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Movant seems to concede that he is time-barred; however, he asserts that he is entitled to relief based on a recent decision by the United States Supreme Court in *Alleyne v. United States*, —U.S. —, 133 S. Ct. 2151, 186 L. Ed.2d 314 (2013). Looking back to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S. at 490, 120 S. Ct. at 2362-63. In *Alleyne*, the Supreme Court concluded that "the principle applied in *Appendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 133 S. Ct. at 2163. Thus, any fact that increases a defendant's mandatory minimum sentence is an element of the crime, not merely a sentencing factor that must be submitted to the submitted to the jury and found beyond a reasonable doubt. *Id*.

Even if the court assumed that *Alleyne* is applicable to Movant's case, he cannot prevail. The Supreme Court must specifically hold that a newly recognized right applies retroactively to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001). The Supreme Court did not declare that the *Alleyne* rule applies retroactively on collateral review. Furthermore, given that *Alleyne* is an extension of *Apprendi*, which is not retroactive on collateral review, the Fifth Circuit has concluded that *Alleyne* does not retroactively apply to challenges to sentences on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). Accordingly, this issue is without merit.

Movant also claims he is entitled to relief based on the Supreme Court's ruling in *Descamps v. United States*, —U.S.—, 133 S. Ct. 2276, 186 L. Ed.2d 438 (2013). The *Descamps* court held

4

that, when making a determination whether a prior conviction under a criminal statute qualifies as a "violent felony" under the Armed Career Criminal Act (ACCA), a court cannot apply the "modified categorical approach" to the elements of a criminal statute if that statute includes "non-divisible" elements making it broader than the generic crime enumerated in the ACCA. *Id*. at 2283. However, as in *Alleyne*, the Supreme Court declined to declare that *Descamps* is to be applied retroactively. Thus, this issue is without merit for the same reason. *Tyler*, 533 U.S. at 662-63, 121 S. Ct. at 2482. Movant filed his motion 420 days beyond the limitations period, and has not shown that he is entitled to equitable tolling or that the cited Supreme Court cases can be retroactively applied to his case. This motion should be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack*

*v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

**RECOMMENDATION**

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE